■ In the Matter of the Claim of IRA W. LEVINE, Appellant. COMMISSIONER OF LABOR, Respondent. [725 NYS2d 582] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 12, 1999, which dismissed claimant's appeal for his failure to appear at the hearing before the Administrative Law Judge.

By initial determination, claimant was ruled ineligible to receive unemployment insurance benefits because he failed to comply with registration requirements. Claimant requested a hearing. When claimant failed to appear at the administrative hearing on three occasions because he either was unavailable or not ready to proceed, a default decision was entered sustaining the initial determination. The Unemployment Insurance Appeal Board dismissed claimant's appeal on the ground that he was statutorily precluded from appealing the default decision due to his failure to appear at the administrative hearing. This appeal ensued.* Given the evidence in the record and the inferences to be drawn therefrom, we find no reason to disturb the Board's decision dismissing the appeal (*see,* Labor Law § 621 [1]; *Matter of Hungerford [Sams Club/Walmart—Commissioner of Labor],* 273 AD2d 680). Furthermore, claimant's attempt to challenge the underlying merits of his denial of unemployment insurance benefits is not properly before this Court (*see, Matter of Hungerford [Sams Club/Walmart—Commissioner of Labor], supra*).

Mercure, J. P., Crew III, Peters, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs. [Recalled and vacated, 287 AD2d 756.]

---

* We note that the Board on its own motion reopened the October 12, 1999 decision and claimant was given an opportunity to apply to reopen the Administrative Law Judge's decision. Claimant's application to reopen was ultimately denied. Inasmuch as there is no notice of appeal filed from the Board's subsequent decision dated February 16, 2001, any issue regarding claimant's application to reopen is not properly before this Court.